UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

IN RE:                                                                  Case No. 21-11326-PDR

RICARDO R ULIAMBRE PETTENGILL                      Chapter 13

Debtor.
_____/

## MEMORANDUM IN SUPPORT OF DEBTOR'S MOTION TO AVOID LIEN

In accordance with the Order Continuing Hearing and Setting Briefing Schedule on Motion to Avoid Lien [ECF#100], Debtor, Ricardo R Uliambre Pettengill ("Debtor"), by and through undersigned counsel, files his Memorandum in Support of Debtor's Motion to Avoid Lien, and in support states:

### INTRODUCTION AND BACKGROUND

1. On February 28, 2018, Debtor purchased his primary residence located at 2482 Eagle Watch Court, Weston, FL 33327 (the "Subject Property").

2. On September 7, 2020, Georges Interior Design Inc. ("Creditor") obtained a Final Judgement against the Debtor. The Judgment was recorded the following day with the Broward County Records Office.

3. On February 11, 2021 (the "Petition Date") the Debtor filed a voluntary Chapter 13 Petition.

4. On March 10, 2021, Debtor claimed his primary residence exempt under Article X, Section 4 of the Florida Constitution (the "homestead exemption"). No party has filed an objection to the Debtor's claimed homestead exemption.

## ISSUE PRESENTED

**Whether Creditor's recordation of its lien after Debtor established homestead, impairs Debtor's homestead exemption under Florida law.**

## ARGUMENT

In its Response to the Motion to Avoid Judicial Lien Impairing Homestead Property,[1] the Creditor argues solely on the issue of whether the judicial lien impairs the Debtor's homestead exemption under Florida law. An analysis of the applicable Bankruptcy Code, Florida Statute, and the Florida Constitution, is necessary to determine this matter.

11 U.S.C. § 522(f)(1) provides that a debtor may avoid judgment liens. Section 522(f)(1) states:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
> (A) a judicial lien . . . .

Section 522(f) was enacted by Congress "with the broad purpose of protecting the debtor's exempt property." *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S. Ct. 1825, 1829 (1991). The analysis of what a debtor must show to avoid a lien under this section is twofold. First, a lien must fix or attach to the property that is already owned by the Debtor. Second, the lien must impair an exemption to which the debtor would have been entitled, *hypothetically*, rather than actually, under state law. *In re Whelan*, 325 B.R. at 464 (citing *Owen v. Owen*, 500 U.S. 305, 310-11, 111 S. Ct. 1833, 1836-37 (1991), remanded to 961 F.2d 170 (11th Cir. 1992), cert. den. 506 U.S. 1022, 113 S. Ct. 659 (1992)); *In re Cooper*, 202 B.R. at 322. Both elements must be present to avoid the lien. *In re Cooper*, 202 B.R. at 322.

The recent decision of *In re Badalamenti*, No. 6:15-bk-7246-KSJ, (Bankr. M.D. Fla. July 13, 2021), proves instructive in resolving this matter. The timing of the homestead purchase and the

---

[1] Motion to Avoid Lien ECF No. 29, Creditor's Response ECF No. 55 and Debtor's Reply ECF No. 83.

recording of the judgement in *Badalamenti* parallels the facts of this case. The creditor in *Badalamenti* recorded a judgment after the debtor purchased his property, and the debtor subsequently filed bankruptcy, claimed the home as exempt, and moved to avoid the lien.

In *Farrey*[2], the United States Supreme Court, held that "state law determines when a lien is fixed on a debtor's property interest. Applying Wisconsin law, the Court determined that 'in order for a lien to "fix" to a property interest, the property interest must predate the existence of the lien.'" *Badalamenti* (citing *Farrey*, 500 U.S. at 299, 111 S. Ct. at 1830 and *In re Whelan*, 325 B.R. at 464). To satisfy the element of fixing a lien, "a debtor therefore must own the property interest before the fixing of the lien." *Badalamenti* (citing *Owen v. Owen (In re Owen)*, 961 F.2d 170, 172 (11th Cir. 1992).

Turning to state law, Florida Statute Section 55.10(1) states in relevant part: "A judgment . . . becomes a lien on real property in any county when a certified copy of it is recorded in the official records or judgment lien record of the county . . . ."

In this case the Debtor owned the Subject Property since February 28, 2018, and the judgment was recorded on September 8, 2020. The Debtor had an interest in the Property prior to the judgment lien attaching, and the lien appropriately fixing on a property interest of the Debtor. In fact, the Debtor was living in the homestead exempted Property prior to the date that the certified copy of the judgment was recorded in the county. The recording resulted in the judgment becoming a lien on the debtor's Property at the time it was recorded. Consequently, the debtor satisfies the first element of a lien fixing on a property interest of the Debtor.

The second element is whether a lien impairs an exemption to which the debtor would have been entitled, *hypothetically*, rather than actually, under Florida law. It is well established that a lien on a property clouds the title to the property and must therefore either be paid or resolved upon

---

[2] *Farrey*, 500 U.S. at 299, 111 S. Ct. at 1830.

the sale of the property.

In determining "the application of § 522(f) [bankruptcy courts] ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself." *Owen*, 500 U.S. at 310-11, 111 S. Ct. at 1836-37 (emphasis in original). As determined by the Supreme Court of the United States, a debtor's exemptions are determined as of the petition date and not at the time the lien attaches. *In re Allen*, 217 B.R. 945, 951 (Bankr. M.D. Fla. 1998).

Following the reasoning of *Badalamenti*, if a debtor could avoid a lien which fixed to his property while he was not living in the property,[3] then it follows, that the Debtor in this case, should be entitled to avoid the Creditor's lien, being that the Debtor was living in the Property and had always claimed it as his homestead.

Public policy and practical considerations also support that a recorded judgment impairs the strong homestead exemptions provided by the Florida Constitution. Article 10, § 4(a)(1) of the Florida Constitution provides in relevant part that the homestead property "shall be exempt . . . and no judgment, decree, or execution shall be a lien thereon" If the reasoning in *Cannon*[4] and *Epstein*[5] were followed, a debtor would be prevented from selling a homestead property unless and until the lien is resolved. It should be clear that this practical impediment impairs a debtor's exemptions pursuant to both the Florida Constitution as well as the Bankruptcy Code. If a creditor alleges that a judgment does not impair the homestead, while the rest of the world believes that the judgment creates a cloud on the title, then the debtor is without a mechanism to avail itself of the benefit of the written and applicable laws. This would overly prejudice similarly situated debtors and thus the logical conclusion should be to avoid the lien under this public policy standpoint.

---

[3] The debtor in Bdalamenti was not living in the property at the time the judgement was entered.
[4] *Cannon v. Cannon*, 254 B.R. 773 (Bankr. S.D. Fla. 2000).
[5] *In re Epstein*, 298 B.R. 917 (Bankr. S.D. Fla. 2003).

"[T]he term 'impair' [as used in §522(f)(1)] encompasses more than the idea of 'legal' impairment. The term 'impair' means 'to weaken, to make worse, to lessen in power, diminish, or relax, or otherwise affect in an injurious manner." *In re Henderson*, 18 F.3d 1305, 1310 (5th Cir. 1994). This is the majority view in Florida that even the recording of unenforceable liens impairs title to a Debtor's Florida homestead. "Although the lien is legally unenforceable by virtue of the protection provided by the Florida Constitution, the lien still creates a cloud on the title by the fact the lien was recorded in the public records. Recording even an unenforceable lien is sufficient to impair the debtor's homestead exemption and fix against the interest of the debtor." *In re Desai*, 54 Collier Bankr. Case 2d 1117 (Bankr. M.D. Fla. 2005); 2005 Bankr. LEXIS 1387.

## CONCLUSION

For the foregoing reasons, the Court should Grant the Avoidance Motion. By owning the Subject Property and living in the Property, the recording of the judgment created a lien and fixed itself to the Debtor's homestead. The recorded lien clouded title on the homestead and *impaired* the Debtor's homestead exemption, and should therefore be avoided.

**WHEREFORE**, Debtor respectfully requests the Honorable Court deny Creditor's Opposition and grand Debtor's Motion to Avoid Lien, grant Debtor's attorney's fees for this Memorandum; and for such further relief as the Court deems just and proper.

**Cohen Legal Services, P.A.**
Debtor's Attorney
101 NE Third Ave., Suite 1500
Fort Lauderdale, Florida 33154
Telephone: (305) 570-2326

By: *s/Rachamin Cohen*
Rachamin "Rocky" Cohen
Florida Bar No. 96305