UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTIRCT OF FLORIDA
FORT LAUDERDALE DIVISION

IN THE MATTER OF:
Ricardo Ruben Uliambre Pettengill

    Debtor,                                     CASE NO.: 21-11326-PDR
                                                       Chapter 13
_____/

**RESPONSE TO DEBTOR'S MEMORANDUM IN SUPPORT OF DEBTOR'S MOTION TO AVOID JUDICIAL LIEN IMPAIRING EXEMPT HOMESTEAD PROPERTY**

COMES NOW, Creditor, Georges Interior Design, Inc. (hereafter "Georges Interior") and in response to Debtor's Memorandum in Support of Debtor's Motion to Avoid Judicial Lien Impairing Exempt Homestead Property [DE 104] (hereafter "Memorandum") states:

*In re Epstein*, 298 B.R. 917 (Bankr. S.D. Fla. 2003) and *Cannon v. Cannon*, 254 B.R. 773 (Bankr. S.D. Fla. 2000), both hold that a judicial lien which is not enforceable against Debtor's homestead property under Article 10, §4 of Florida's Constitution1, does not fix against or impair the Debtor's exempt homestead property and therefore cannot be avoided under §522(f)(1)(A). It is undisputed that Georges Interior's lien herein, is a judicial lien which neither fixes nor impairs the Debtor's homestead property under Article 10, §4 of Florida's Constitution. Although Bankruptcy judges in Florida are split on this issue, this Court, like the Court in *In re Epstein*, must consider itself duty-bound by the published court opinions rendered by judges of the United States District

---

1 Article 10, §4(a)(1) provides in pertinent part that homestead property "shall be exempt from forced sale under process of any court and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement, or repair thereof, or obligations

1

Court for the Southern District of Florida. *In re Epstein,* at 920.

Alluding to public policy and practical considerations, Debtor mistakenly contends that following *Cannon* and *Epstein* would prevent a debtor "from selling a homestead property unless and until the lien is resolved." <u>Memorandum</u> pg. 4. Chapter 222 of the Florida Statutes further clarifies the constitutional homestead protection and provides a process by which an owner of real property can declare his or her homestead rights and prevent an execution of judgment against the property. Under Fla. Stat. §222.01, once a homeowner has claimed a homestead exemption, the sheriff cannot levy against the property unless the creditor prevails against the homeowner's claimed homestead exemption. As long as he or she follows the procedures provided by Chapter 222, a debtor can sell and/or mortgage the homestead property without any impairment from the unresolved lien.

Therefore, neither public policy nor practical considerations should impair this Court's obligation to follow established precedent of the United States District Court for the Southern District of Florida.

For ease of reference copies of the following are attached as Composite Exhibit "1":

*In re Epstein*, 298 B.R. 917 (Bankr. S.D. Fla. 2003); *Cannon v. Cannon*, 254 B.R. 773 (Bankr. S.D. Fla. 2000); Article 10, §4 of Florida's Constitution and Fla. Stat. §222.01.

Georges Interior Design, Inc

By:/s/ Camilo Otero

---

contracted for…labor performed on the realty…"

SERVICE LIST

Attorneys for Debtor

Rachmin "Rocky" Cohen, Esq.
Florida Bar No.: 96305
101 NE Third Ave.  Suite 1500
Ft. Lauderdla, FL 33301
Telephone: (305) 570-2326
E-Mail Address: rocky@lawcls.com