

**ORDERED in the Southern District of Florida on December 9, 2021.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

*Tagged Opinion for Publication*

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

In re:

Ricardo Ruben Uliambre Pettengill,

      Debtor.

_____/

Case No. 21-11326-PDR

Chapter 13

### MEMORDANDUM OPINION ON ORDER
### GRANTING MOTION TO AVOID LIEN[1]

The Debtor owns a homestead property in Weston, Florida. Before the Debtor

filed his Chapter 13 bankruptcy case, Georges Interior Design, Inc. recorded a

judgment in the public records against the Homestead. The Debtor seeks to avoid

the Recorded Judgment under 11 U.S.C. § 522(f)(1)(A). There is no dispute that the

Homestead is protected under Florida's homestead exemption.[2] In fact, Georges

---

[1] The Court granted the Debtor's *Motion to Avoid Lien* on December 6, 2021. (Doc. 125).

[2] Because the deadline to object to exemptions has expired and, more importantly, Georges
Interior expressly agrees to, and in fact rests its entire argument on, the fact that the Debtor's

Interior acknowledges it cannot enforce the Recorded Judgment against the Homestead.  Yet, Georges Interior opposes the motion, arguing that § 522(f)(1) is inapplicable because under Florida law the Recorded Judgment is not a fixed lien that impairs the Debtor's exemption.  The Court disagrees and finds that § 522(f)(1) applies to avoid the Recorded Judgment.

## I.      The Problem of Language

Under 11 U.S.C. § 522(f)(1)(A), "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled … if such lien is … a judicial lien."[3] Section 522(f) was created with the "broad purpose of protecting the debtor's exempt property." *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991).  But the sweeping language of Florida's homestead exemption also protects exempt property by stating "no judgment, decree or execution shall be a lien" against it.  Fla. Const. art. X, § 4; *see Wilhelm v. Locklar*, 35 So. 6, 6 (Fla. 1903).  The breadth of this protection complicates the issue of whether § 522(f)(1) applies.   This dynamic presents a potential conundrum because Florida's Constitution and the Bankruptcy Code seem aligned in their purpose, that the recorded judgment not impair the exemption, but their overlapping language seems to prevent the very relief the Bankruptcy Code intends.

---

assertion of homestead applies to the Recorded Judgment, the Court considers any argument as to the applicability of the Debtor's claim of exemption to be waived.

[3] A "judicial lien" is a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36).

The Court, therefore, must determine whether the Florida Constitution's robust protection of homestead property renders § 522(f)(1) inapplicable.

Courts are split on this question.  The minority find the language of Florida's homestead exemption prevents a recorded judgment from becoming a lien against, fixing to, or impairing homestead property.  As argued by Georges Interior, these courts reason that because the recorded judgment is not a "lien" under Florida law and because § 522(f)(1) only applies to "fixed" "liens" that "impair" the debtor's exemption, § 522(f)(1) does not apply.  *See, e.g.*, *In re Epstein*, 298 B.R. 917, 919–20 (Bankr. S.D. Fla. 2003); *Cannon v. Cannon*, 254 B.R. 773, 777–78 (S.D. Fla. 2000); *In re Goodwin*, 82 B.R. 616, 617 (Bankr. S.D. Fla. 1988).

The majority find that a recorded judgment against a Florida homestead, regardless of its enforceability, impairs the debtor's exemption by clouding title and may be avoided under § 522(f)(1).  *See, e.g.*, *In re Badalamenti*, No. 6:15-bk-07246-KSJ, 2021 WL 3028186, at *3–4 (Bankr. M.D. Fla. July 15, 2021); *In re Walker*, 345 B.R. 399, 401 (Bankr. M.D. Fla. 2006); *In re Felizardo*, 255 B.R. 85, 88 (Bankr. S.D. Fla. 2000); *In re Lowe*, 250 B.R. 422, 425 (Bankr. M.D. Fla. 2000); *In re Willoughby*, 212 B.R. 1011, 1016–17 (Bankr. M.D. Fla. 1997); *In re Calandriello*, 107 B.R. 374, 375 (Bankr. M.D. Fla. 1989); *In re Davis*, 23 B.R. 347, 348 (Bankr. S.D. Fla. 1982). These cases, however, do not fully analyze whether a recorded judgment is a "lien" that "fixes" to Florida homestead property and, therefore, do not fully address the issues conveyed by the minority.

The Court concludes that a debtor may avoid an applicable judgment recorded against Florida homestead property because, even considering the Florida Constitution's express language, it (1) is a "lien" under the Bankruptcy Code; (2) "fixes" to homestead property; and (3) "impairs" the exemption.

## II.   "Lien"

The instinctual analysis is to simply conclude that judgments recorded against Florida homesteads, because they are not "liens" under Florida law, cannot be avoided under § 522(f)(1). This straightforward approach is appealing to those courts that deny § 522(f)(1) relief. *See, e.g.*, *Cannon*, 254 B.R. at 777–78. But the inquiry should not end there because, though the Florida Constitution's express language prevents judgments from becoming liens under Florida law, the Bankruptcy Code contains its own definition of "lien."

Under the Bankruptcy Code, a "lien" is a "charge against or interest in property to secure payment of a debt or performance of an obligation." 11 U.S.C. § 101(37).

> This definition of "liens" suggests that both unenforceable "charge[s] against" property and enforceable "interest[s] in" property fall within its scope. That interpretation is bolstered by the legislative history of the Bankruptcy Reform Act which itself states that the definition of lien is "very broad" and "includes inchoate liens." S. Rep. No. 95–989, at 25 (1978); H.R. Rep. 95–595, at 312 (1977). We agree … that unenforceable liens may be avoided under § 522(f)(1).

*CRP Holdings A-1, LLC v. O'Sullivan (In re O'Sullivan)*, 841 F.3d 786, 789 (8th Cir. 2016). The broad definition of "lien" includes a "charge," which is a general term that encompasses, among other things, a "claim." *Charge*, Black's Law Dictionary 211 (5th ed. 1984) (defining the noun "charge" as "an incumbrance, lien, or claim"). The Bankruptcy Code defines a "claim" as a "right to payment, whether or not such right

is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A).

When a creditor records a judgment in the Florida public records, the recording results in a claim against the purported homestead property. As a claim, the recorded judgment asserts a "right to payment," albeit a contingent one, subject to the debtor's ability to successfully assert homestead rights under Florida law. *See* Fla. Stat. § 222.01. Consequently, a recorded judgment, irrespective of its present enforceability, is a prototypical example of a "charge" and falls within the Bankruptcy Code's definition of a "lien."

This conclusion is buttressed by the way Florida treats a recorded judgment against homestead property. Though the recorded judgment cannot be enforced against the homestead, it remains a valid claim and continues to lurk in the public records and follows the property unless the debtor affirmatively acts to remove it by filing a "notice of homestead" and serving it on the judgment creditor. *See* Fla. Stat. § 222.01. If the creditor disputes the homestead claim, it can mount a challenge by filing an action within 45 days of the notice, and if successful, the recorded judgment, which has lied dormant, awakens and becomes an enforceable judicial lien under Florida law. *See* Fla. Stat. § 222.01(4).

So, what is the recorded judgment before it has been challenged under Fla. Stat. § 222.01? It is, at a minimum, a "claim" asserted against the purported homestead. Because a recorded judgment is a "claim," and a "claim" is by definition

a "charge," and a "charge" is, as defined by the Bankruptcy Code, a "lien," a recorded judgment qualifies as a "lien" as the term is used in § 522(f)(1).[4]  Although Florida's Constitution prevents a judgment from becoming a "lien" against a Florida homestead under state law, the Recorded Judgment is a lien as defined by the Bankruptcy Code and contemplated by § 522(f)(1).

## III.   "Fixing"

Having determined the Recorded Judgment is a "lien" under the Bankruptcy Code, the Court turns to whether the Recorded Judgment "fixes" to the Homestead. The Bankruptcy Code does not define "fix." The Supreme Court however, in the context of § 522(f)(1), has defined it to mean "to fasten a liability upon." *Farrey*, 500 U.S. at 297 (quoting Black's Law Dictionary 637 (6th ed. 1990)).   Whether the Recorded Judgment "fixes" to the Homestead is a question of state law. *Id.* at 299.

Some courts, such as the Eight Circuit in *O'Sullivan*, conclude that § 522(f)(1) is not available "[w]hen there is no lien under state law" because "there is nothing to 'fasten' upon the property and give rise to an unenforceable lien." *See O'Sullivan*, 841 F.3d at 789; *Cannon*, 254 B.R. at 777–78.  The Bankruptcy Code defines a "lien" and § 522(f)(1) allows the debtor to avoid the "fixing" of such a "lien."  In *O'Sullivan*, the Eight Circuit acknowledges this and carefully interprets the Bankruptcy Code's definition of a "lien," but then – inexplicably – applies the state law definition to determine whether the lien fixes.  Defining "fixing" in a manner limited to "liens" as

---

[4] "Things which are equal to the same thing are also equal to one another."  Common Notion No. 1, *The Thirteen Books of Euclid's Elements* 155 (T. Heath trans. 2d ed. 1956).  Here, a recorded judgment is equal to a claim which is equal to a charge which is equal to a lien.  Therefore, a recorded judgment is equal to a lien.

defined by state law mistakenly renders the Bankruptcy Code definition of a "lien" irrelevant to the § 522(f)(1) analysis.  Courts are instructed to avoid interpretations of statutes that render part of the text irrelevant.  *See, e.g.*, *United States v. Butler*, 297 U.S. 1, 65 (1936) ("These words cannot be meaningless, [or] else they would not have been used.").  Instead, to determine whether a Bankruptcy Code defined lien "fixes," the Court considers whether state law allows the recorded judgment – regardless of whether it is a "lien" under state law – to "fix" to the property.[5]

Florida's legal process does not assume the homestead exemption applies to the property.  *See* Fla. Stat. § 222.01.  Rather, it requires a debtor act to enforce the exemption and provide notice and an opportunity to object to creditors with recorded judgments.  Not until the Fla. Stat. § 222.01 process is successfully completed will the recorded judgment be "deemed as not attaching to the property …"  Fla. Stat. § 222.01(4).  In the interim, to suggest the recorded judgment is not "fixed" or "fastened" to the property ignores this fact and the intention of the statute.  There can be no need to detach that which is not fixed.  As such, a judgment recorded against a Florida homestead – regardless of whether it is a lien under state law – is, in every respect, "fixed" to the property at least until the process to detach it under Florida law is successfully completed.

---

[5] Under the ordinary-meaning rule, "[w]ords are to be understood in their ordinary, everyday meanings – unless the context indicates that they bear a technical sense."  Antonin Scalia & Bryan A. Garner, *Reading Law* 69 (1st ed. 2012) (hereafter "Reading Law").  "The ordinary-meaning rule is the most fundamental semantic rule of interpretation."  *Id.* (citing James Kent, *Commentaries on American Law* 432 (1826)).  This principle has been applied and used in other portions of § 522(f)(1), such as with respect to the word "impairs."  *See, e.g.*, *In re Henderson*, 18 F.3d 1305, 1310 (5th Cir. 1994).

The Debtor declared the Homestead exempt in this bankruptcy case, the
deadline to object has expired, and the exemption has been determined.[6] Despite this
unassailable fact, the Recorded Judgment lies in wait in the public records against
the Homestead.  Without the benefit of § 522(f)(1), the Debtor would have to detach
the Recorded Judgment under state law.   This truth leads the Court to the
inescapable conclusion that the Recorded Judgment is "fixed" to the Homestead.

## IV.    "Impairs"

Lastly, the Court must determine whether the Recorded Judgment, despite its
present unenforceability, "impairs" the Homestead.[7] To "impair" means "to weaken,
to make worse, to lessen in power, diminish, or relax, or otherwise affect in an
injurious manner."  *In re Henderson*, 18 F.3d 1305, 1310 (5th Cir. 1994) (quoting
Black's Law Dictionary 752 (6th ed. 1990)).  The minority courts conclude that a
presently unenforceable recorded judgment cannot "impair" a debtor's exemption.
*See, e.g.*, *Cannon*, 254 B.R. at 778–79 (explaining that recorded judgments against
Florida homesteads have "no legal effect" and, therefore, do not impair them).  But
the definition of impairs under § 522(f)(1), "encompasses more than the idea of 'legal'
impairment."  *Henderson*, 18 F.3d at 1310.  Rather, consistent with the Supreme

---

[6] When a debtor files for bankruptcy, the exempt nature of the property is determined when
the debtor claims the exemption in the schedules and the opportunity for creditors to object expires.
*See Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44 (1992) (explaining that, once the expiration of
the deadline to object to exemptions expires, all property listed as exempt on the debtor's schedules
becomes exempt regardless of whether the debtor "had a colorable statutory basis for claiming it"); *see
also In re Heintz*, 198 B.R. 581, 584 (9th Cir. BAP 1996) (holding that expiration of objection to
exemption deadline entitles debtor to claimed exemptions even if the debtor had "no colorable basis"
to claim them).

[7] The Bankruptcy Code does not define "impairs."

Court's interpretation that the statute provides broad protections and this Court's interpretation of "lien" and "fixing," the word "impairs" is similarly broad under § 522(f)(1) and includes factual, practical impairments as well as technical, legal ones. *See id.*; *Felizardo*, 255 B.R. at 88.

Recorded judgments cloud title regardless of their present enforceability, especially considering that their enforceability against the property remains subject to the adjudication of the exemption under Fla. Stat. § 222.01. Real estate transactions almost always require a title insurance company to insure the buyer or lender against possible defects in record title. *See Morton v. Attorneys' Title Ins. Fund, Inc.*, 32 So. 3d 68, 71 (Fla. 2d DCA 2009). Here, it would not be surprising that a title insurance company would refuse to insure title over a recorded judgment unless and until the debtor successfully detaches it from the homestead property.

Functionally, because the Recorded Judgment appears as a "charge" against the Homestead, the title remains "unmarketable." *See Lowe*, 250 B.R. at 425. Where a debtor cannot exercise all the rights associated with holding a homestead property because a judgment is recorded against it, the judgment, by definition, "impairs" the debtor's exemption. *See Felizardo*, 255 B.R. at 88; *Lowe*, 250 B.R. at 425.[8]

---

[8] "Without some indication to the contrary, general words (like all words, general or not) are to be accorded their full and fair scope. They are not to be arbitrarily limited. This is the general-terms cannon, which is based on the reality that it is possible and useful to formulate categories … without knowing all of the items that may fit – or may later, once invented, come to fit – within those categories." *Reading Law* at 101. Here, nothing in § 522(f)(1) suggests that the word "impairs" is to be limited to the singular category of technical, legal impairments. As such, the Court is guided by the general-terms canon and considers practical factual realities in determining whether the Recorded Judgment "impairs" the Debtor's exemption.

## V.    <u>Conclusion</u>

Georges Interior holds a Recorded Judgment against the Debtor's Homestead. By virtue of its recording against the property in the public record, the Recorded Judgment is a "charge" and, therefore, a fixed "lien" against the Homestead that impairs the Debtor's exemption.  Accordingly, the Debtor's *Motion to Avoid Lien* (Doc. 29) is granted and Georges Interior Design, Inc.'s Recorded Judgment is avoided under 11 U.S.C. § 522(f)(1)(A).  *See* (Doc. 125).

###

Copies To:
Rachamin Cohen, Esq.

*Rachamin Cohen, Esq. is directed to serve this Order on all interested parties.*